**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| MURIEL NADIA HARRIS, | )<br>) |
| Plaintiff, pro se, | )<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) **AND RECOMMENDATION** |
| XLC STAFFING; PROCTOR &<br>GAMBLE; and LEIGH ANNE<br>BENEDIC, | )<br>) 1:10CV313<br>)<br>) |
| Defendants. | )<br>) |

This matter is before the court on a motion to dismiss (docket no. 11) by Defendant XLC Staffing ("XLC") and a motion to dismiss (docket no. 13) by Defendants Proctor & Gamble ("P&G") and Leigh Anne Benedic ("Benedic").[1] Plaintiff has failed to respond in opposition to the motions, and the time to do so has expired.[2] In this posture, the matter is ripe for disposition. The parties have not consented to the jurisdiction of the magistrate judge; therefore, this court must deal

---

[1] In the Complaint, Plaintiff erroneously identifies Defendant The Proctor & Gamble Manufacturing Company as "Proctor & Gamble," and Defendant XLC Personnel Services as "XLC Staffing."

[2] According to Local Rule of Civil Procedure 7.3(k), "if a respondent fails to file a response . . . the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." Although Defendants' motions are uncontested, the court will still address the merits of Defendants' arguments, primarily whether this court has subject matter jurisdiction over this action.

with the motions by recommendation. For the following reasons, it will be recommended that the court grant both motions to dismiss.

**I. BACKGROUND AND ALLEGED FACTS**

Plaintiff, a female Islam convert, filed a Complaint (docket no. 2) against XLC, P&G, and Benedic on April 22, 2010.[3] Plaintiff's Complaint is so devoid of factual information that it is very difficult to determine exactly what she is alleging. She makes a few conclusory allegations but does not so much as mention one statute or cause of action.[4] Plaintiff alleges that "[XLC] and [P&G] intentionally & knowingly discriminated against me for being a convert to Islam which caused my wrongful termination . . . ." (Compl. at 2.) She claims that XLC terminated her in order to "facilitate [an] illegal and unethical practice with Foreign Workers mostly of Islamic faith. Suppressing employees of Islamic faith who request to pray during their breaks by denying them the same rights as non practicing employees, or non praying employees." (*Id.* at 2-3.) Plaintiff then alleges that "[f]alsely terminating the

---

[3] Notably, as XLC pointed out in its brief, this is the third such charge Plaintiff filed against an employer within the last few years. (docket no. 12, at 6 n.6.) *See also Harris v. Root*, No. 1:08:CV:803, 2010 WL 2465343 (M.D.N.C. June 11, 2010). Given Plaintiff's involvement in these actions, she is aware of the procedural requirements to which she must adhere. In a previous action before this court, the undersigned recommended granting summary judgment against Plaintiff and ordered her to pay the Defendant's attorneys' fees for her unjustified failure to comply with discovery. *Id.* at *8. In that case, Plaintiff failed to respond to Defendant Gilbarco, Inc.'s Motion for Summary Judgment, *Id.* at *1, just as she has failed to respond to the Motions to Dismiss in this action.

[4] The Complaint form specifically instructed Plaintiff to "identify the alleged legal wrong and . . . describ[e] how each defendant named . . . above is personally responsible for depriving you of your rights. Include relevant times, dates, and places. Also, you must state the basis for federal jurisdiction." (Compl. at 2.)

contract of former Staffing Agency with [P&G] in order to over promise at the cost of their employees and practicing unfair and unethical employment practices. In order to facilitate this, they forcefully terminated my employment." (*Id.* at 3.) Though Plaintiff cites no statutes, her allegations imply a claim of religious discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").

Plaintiff attached two Dismissal and Notice of Rights letters from the EEOC to the Complaint. (Compl. Ex. A & B.) One is addressed to XLC, and the other is addressed to Benedic in her capacity as P&G's counsel. (Id.) Plaintiff did not attach a Charge of Discrimination to her Complaint, nor did she allege that she filed one with the EEOC.

XLC filed its Motion to Dismiss (docket no. 11) on July 29, 2010. P&G and Benedic filed their Motion to Dismiss (docket no. 13) on the same day. XLC argues that dismissal is proper under FED. R. CIV. P. 12(b)(1) because this court lacks subject matter jurisdiction, for failure to state a claim under FED. R. CIV. P. 12(b)(6), and because the claim is frivolous under 28 U.S.C. § 1915(e)(2). P&G and Benedic move for dismissal of Plaintiff's claim for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6), failure to properly serve Benedic under FED. R. CIV. P. 12(b)(5), and failure to exhaust administrative remedies under 42 U.S.C. § 2000e-5(e).

**II. DISCUSSION**

**A. Standard of Review**

XLC, P&G, and Benedic argue that this case should be dismissed because, among other reasons, Plaintiff failed to exhaust her administrative remedies and therefore this court lacks subject matter jurisdiction. Plaintiff has the burden to prove subject matter jurisdiction on a motion to dismiss pursuant to Rule 12(b)(1). *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). In determining whether jurisdiction exists, the district court must regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the motion to one for summary judgment. *Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). The district court should apply the standard applicable to a motion for summary judgment under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. *Id.* A court should grant the Rule 12(b)(1) motion to dismiss if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. *Id.* The requirement that the petition contain more than mere conclusory allegations is particularly important in this case where Plaintiff has a history of crying wolf.

**B. Analysis**

In support of the motions to dismiss, XLC, P&G, and Benedic argue that subject matter jurisdiction is lacking for Plaintiff's Title VII claim because Plaintiff

failed to exhaust her administrative remedies. Title VII "specifies with precision the jurisdictional prerequisites that an individual must satisfy before he is entitled to institute a lawsuit." *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974). These include "(1) filing a Charge of Discrimination with the EEOC within 180 days of the occurrence of the alleged discrimination; (2) receiving a statutory Notice of Right to Sue; and (3) filing a lawsuit based on the Charge of Discrimination within 90 days of receiving the notice." *Rorie v. Guilford Cnty. Sch.*, No. 1:06-CV-528, 2007 WL 1385655, at *2 (M.D.N.C. May 8, 2007); *see also* 42 U.S.C. § 2000e–5(e)(1), (f)(1). "Thus, where '[n]either the complaint nor the amended complaint alleges' that the plaintiff has 'complied with these prerequisites,' the plaintiff has not 'properly invoked the court's jurisdiction under Title VII.'" *Davis v. N.C. Dep't of Corr.*, 48 F.3d 134, 140 (4th Cir. 1995) (alteration in original) (quoting *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979)).

Plaintiff does not allege filing an EEOC Charge of Discrimination in the Complaint, nor is there any extrinsic evidence that she did. Even if it could be inferred that Plaintiff filed a Charge from the attached Notices of Rights, it is impossible to tell whether it was filed within the required 180-day time frame since there are no dates in the Complaint. Therefore, Plaintiff has failed to carry her burden of demonstrating that she exhausted administrative remedies in this case. She has not satisfied the prerequisites of a Title VII claim. Also, Plaintiff's Title VII claim would be limited to the content of her Charge of Discrimination. *Evans v.*

*Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996) ("Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit."). Since it is impossible to tell what that content is, it is likewise impossible to tell whether this court would have subject matter jurisdiction over the Complaint's allegations.

The Fourth Circuit has made clear, in instances such as this, where a Plaintiff has not complied with Title VII's exhaustion requirements, "the only function remaining to the court [i]s that of announcing [that the court lacks subject matter jurisdiction] and dismissing the cause[]." *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 301 (4th Cir. 2009) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)). Accordingly, Plaintiff's Title VII claim should be dismissed pursuant to FED. R. CIV. P. 12(b)(1).[5] Because this court is recommending dismissal of the Title VII claim for lack of subject matter jurisdiction, it would be inappropriate to consider XLC, P&G, and Benedic's remaining arguments for dismissal.

### III. CONCLUSION

For the reasons stated herein, **IT IS RECOMMENDED** that the court **GRANT** Defendants' motions to dismiss Plaintiff's religious discrimination claim (docket no.

---

[5] Having found that the court lacks subject matter jurisdiction over the Title VII claim for failure to exhaust administrative remedies, this court may not address the merits of Plaintiff's Title VII claim. *See Jones*, 551 F.3d at 301.

11 & 13). The dismissal will be without prejudice to Plaintiff to exhaust her administrative remedies.[6]

_____
WALLACE W. DIXON
United States Magistrate Judge

Durham, NC
June 28, 2011

---

[6] As a practical matter, the dismissal will be with prejudice because any EEOC Charge that Plaintiff now chooses to bring will fall outside the 180-day window within which such charges must be brought pursuant to 42 U.S.C. § 2000e-5(e)(1).